**Wayne O'Hara CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–01126–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 27, 2007.

Clyde Williams, Houston, for appellant.

Charles A. Rosenthal, Jr., Dist. Atty.– Harris County, Eric Kugler, Asst. Dist. Atty. of Harris County, Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Wayne O'Hara Campbell, guilty of aggravated assault. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon Supp.2006). The trial court assessed his punishment at 50 years in prison. We determine whether egregious harm resulted from the trial court's submitting a jury charge that appellant contends required the jurors' unanimity in finding him not guilty of the greater offense of aggravated assault before it could consider whether he was guilty of lesser-included offenses. We modify the judgment, though only for a

ministerial correction, and affirm the judgment as so modified.

### Facts

On May 13, 2005, appellant lived in an apartment with his girlfriend, Demetra Ariran, and two of her three daughters. Ariran's third daughter lived in another apartment within the same complex. That evening, appellant drove Ariran and her granddaughter, the child of the third daughter, to a Stop'N Go convenience store. Appellant told Ariran to withdraw money for him from her bank account at an automated teller machine located inside. When Ariran refused, appellant became angry and yelled at her. Ariran and her granddaughter left and walked to Ariran's daughter's apartment. When Ariran and her granddaughter arrived, appellant and Ariran's son-in-law were already there. Ariran left her granddaughter with her son-in-law and walked the short distance to her own apartment. Appellant followed Ariran, yelled at her again about the money, and punched her twice in the face as they walked.

When Ariran and appellant arrived at her apartment, Ariran managed to dial 9–1–1 before appellant took the phone from her and threw it against a wall. She tried to reach a second phone in another room to call 9–1–1 again, but appellant took that phone, too, from her and hit her with it several times. Appellant then dragged Ariran by her hair along the floor to the kitchen, where he pushed her head through a chrome and glass clock and then onto a countertop. When Ariran ran into a bedroom, appellant followed her with a kitchen knife. He threatened her, saying that if he went to jail, he would kill her when he was released. He also continued to hit her. Officers Teel and Horelica of the Houston Police Department arrived at the apartment a few minutes later in response to Ariran's 9–1–1 hang-up call and handcuffed appellant when he answered the door.

### Jury–Charge Error

In his sole point of error on appeal, appellant contends that the trial court erred in instructing the jury by requiring the jury unanimously to agree to acquit appellant of a greater offense before it could consider whether he was guilty of a lesser-included offense. Appellant argues that "the jury charge imposed an improper impediment by precluding the jury from even considering a lesser-included offense, unless the jury agreed unanimously to acquit appellant of a greater offense." Appellant argues that unanimity is required only for verdicts, not during deliberations (here, a determination to acquit of a greater offense), and, therefore, that the jury charge was improperly worded. To show harm resulting from this alleged error, appellant notes that the jury deliberations lasted longer than the presentation of the evidence during trial and that the jurors passed a note to the trial court asking for some clarification about "ongoing assault." Appellant argues that these two circumstances indicated that some jurors may have been unconvinced of his guilt of the greater offense, and he concludes that, under the charge given, the jurors believed that they could not acquit him of aggravated assault unless they had unanimously agreed to do so and consequently convicted him of that offense, rather than considering the first lesser-included offense.

Appellant points to the following, italicized language from the jury charge in support of his argument:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of May, 2005, in Harris County, Texas, the defendant, Wayne O'Hara Campbell, did then and

there unlawfully, intentionally or knowingly threaten Demetra Ariran with imminent bodily injury by using or exhibiting a deadly weapon, namely, a knife, then you will find the defendant guilty of aggravated assault, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, *you will acquit the defendant of aggravated assault, and next consider whether the defendant is guilty of terroristic threat* . . . .

[I]f you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 13th day of May, 2005, the defendant, Wayne O'Hara Campbell, did then and there unlawfully, threaten violence to Demetra Ariran or place Demetra Ariran in fear of imminent serious bodily injury, then you will find the defendant guilty of terroristic threat.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, *you will acquit the defendant of terroristic threat and next consider whether the defendant is guilty of assault.*

[I]f you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 13th day of May, 2005, the defendant, Wayne O'Hara Campbell, did then and there unlawfully, intentionally or knowingly threaten Demetra Ariran with imminent bodily injury, then you will find the defendant guilty of assault. . . .

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of assault.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either aggravated assault or terroristic threat, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of terroristic threat.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either terroristic threat or assault, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of assault.

If you have a reasonable doubt as to whether the defendant is guilty of any [sic] offense defined in this charge, you will acquit the defendant and say by your verdict "Not Guilty."

(Emphasis added.)

## A. Unanimity and Error

Although we will proceed to conduct a harmless-error analysis, it is not entirely clear that the complained-of charge language requires a unanimous acquittal of the greater offense before the jury may proceed to consider a lesser-included offense or, for that matter, that such a unanimity requirement would be erroneous. As for whether the complained-of portion of the charge requires unanimity, the language reads, "Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, *you will acquit the defendant of aggravated assault, and next consider whether the defendant is guilty of terroristic threat* . . . ." (Emphasis added.) The word "unanimously" does not appear in this portion of the jury charge. Indeed, as appellant argues elsewhere, the only place that "unanimous" appears is in boilerplate language at the end of the charge, in relation to the foreman's duty to certify the verdict once the jury has "unanimously agreed

upon a verdict." Additionally, the verdict form could be viewed to imply that the jury had four equal choices (not guilty of any offense, guilty of the charged offense, or guilty of one of the two lesser-included offenses) because the form contained no separate line for the jury to acquit appellant of the charged or lesser offenses, but simply one line indicating "not guilty" of all three offenses. Finally, in *Hutson v. State*, No. 03–99–00523–CR, 2000 WL 298675, at * 1 (Tex.App.-Austin, March 23, 2000, pet.ref'd) (not designated for publication), the charge's pertinent application paragraph recited that the jury could proceed to the lesser offense only if "you have found the defendant 'not guilty' of" the greater offense. The trial court was asked by a deadlocked jury if it could proceed to consider the lesser offense even though it could not come to a unanimous decision on the greater offense. *Id.* The trial court allowed the jury to do so, and the jury convicted the accused of the lesser offense. *Id.* The Austin Court of Appeals found no requirement of unanimity and affirmed the conviction. *Id.* at 2. In contrast, however, a sound grammatical argument can be made that the "you" in the complained-of portion of the charge refers collectively to all jurors (*i.e.,* "y'all," a term with which we are well familiar in Texas), thereby requiring unanimity.[1]

As for whether the complained-of portion of the charge was erroneous, we note that the charge given in this case has been approved in several cases, albeit without addressing appellant's precise challenge that the jury charge required the jury unanimously to acquit of the greater offense before proceeding to consider the lesser-included offenses. *See Smith v. State*, 744 S.W.2d 86, 94–95 (Tex.Crim. App.1987); *Boyett v. State*, 692 S.W.2d 512, 515–16 (Tex.Crim.App.1985); *Tenner v. State*, 763 S.W.2d 877, 884 (Tex.App.-Fort Worth 1988, pet. ref'd); *Benavides v. State*, 763 S.W.2d 587, 589 (Tex.App.-Corpus Christi 1988, pet. ref'd); *McCloud v. State*, 692 S.W.2d 580, 584 (Tex.App.-Houston [1st Dist.] 1985, no pet.).

For purposes of our discussion, we will assume without deciding that the complained-of portion of the charge required that the jury unanimously agree to acquit appellant of the greater offense before it could consider the lesser offenses and that that unanimity requirement was erroneous.

**B. Standard of Review**

■ This Court conducts a two-step analysis to review jury-charge error. The first step is to determine whether the charge actually contained error. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim. App.1984) (op. on reh'g). If error is found, the second step is to determine whether the error caused sufficient harm to warrant reversal. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994); *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986). The burden is on the defendant to persuade the reviewing court that he has suffered harm. *Abdnor*, 871 S.W.2d at 732. With the exception of defensive instructions, all jury-charge error

---

1. For example, the charge was addressed to the "members of the jury" and used the pronoun "you" in later references to "members of the jury." That is, the charge consistently used "you" in the plural, not in the singular. Therefore, when the complained-of instruction provided, "Unless *you* so find from the evidence beyond a reasonable doubt, or if *you* have a reasonable doubt thereof, *you* will acquit the defendant of aggravated assault," it can reasonably be read as speaking of all jurors together. (Emphasis added.) The same instruction then told jurors to "*next* consider" the first lesser-included offense only after the acquittal—which, again, can reasonably be read as speaking in terms of all jurors. (Emphasis added.)

must be reviewed regardless of whether error was preserved for appeal. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim.App.2003); *Almanza*, 686 S.W.2d at 171. *Compare Posey v. State*, 966 S.W.2d 57, 62 (Tex.Crim.App.1998) (holding that trial court does not have *sua sponte* duty to instruct jury on unrequested defensive issues). Although appellant did not raise this particular point of jury-charge error at trial, this Court must review his sole point of error anyway because the error of which he complains allegedly occurred in the application paragraph portion of the jury charge. A trial court must give a written charge to the jury "distinctly setting forth the law applicable to the case." Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).

### C. Analysis

■ In this case, it is tempting to avoid an *Almanza* harm analysis altogether based on a long line of cases holding that any error in the submission of a lesser-included offense is not reversible when the jury has found the accused guilty of the greater offense. *See O'Pry v. State*, 642 S.W.2d 748, 765 (Tex.Crim.App.1982); *Thomas v. State*, 587 S.W.2d 707, 708–09 (Tex.Crim.App.1979); *DeRusse v. State*, 579 S.W.2d 224, 233 (Tex.Crim.App.1979); *see also Parson v. State*, 193 S.W.3d 116, 127 (Tex.App.-Texarkana 2006, pet. ref'd). The rationale for this line of cases is that, once the jury convicts an accused of the greater offense charged, having been properly charged as to that offense, it has no occasion to consider whether appellant might be guilty of the lesser-included offense. *See O'Pry*, 642 S.W.2d at 765. Even in the face of an argument that the jury was directed to read the entire charge, the Court of Criminal Appeals has held that the jury is presumed to have stopped deliberating after having found the accused guilty of the greater offense. *Id.*

The rationale of this line of cases applies with equal force to appellant's point of error in this case. The jury, having found appellant guilty of the greater offense of aggravated assault beyond a reasonable doubt, had no occasion to consider the portion of the charge of which appellant complains. Nevertheless, in a similar case, we conducted an *Almanza* analysis because *O'Pry* preceded *Almanza*, thereby relegating the *O'Pry* rationale to consideration within the factors to be considered under *Almanza*. *See Arevalo v. State*, 987 S.W.2d 164, 165 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). Therefore, we determine whether appellant was egregiously harmed by examining the alleged error in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Almanza*, 686 S.W.2d at 171.

### 1. The Nature of the Error and Potential for Harm

"Though not mentioned in *Almanza*, the nature of the error and its potential for harm are important threshold considerations that ought to guide the harm analysis." *Ramos v. State*, 991 S.W.2d 430, 434 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). Appellant's claim of harm from the alleged error here is that the jury was pressured to find him guilty of the greater offense by being precluded from proceeding to consider the lesser offenses until the jury had unanimously agreed to acquit him of the greater offense.

### 2. The Charge as a Whole

As mentioned above, the word "unanimous" is used at the end of the jury charge in regard to the foreman's duty to

certify the verdict once the jury has "unanimously agreed upon a verdict," but the word does not appear in the complained-of portion of the charge. The charge is addressed to the "members of the jury" and thereafter uses the word "you" to refer to jurors collectively. These facts, in themselves, do little, if anything, to show any harm, much less egregious harm.

### 3. The State of the Evidence, Including Contested Issues and Weight

In a trial that lasted only a few hours, the State called three witnesses—Ariran and the two police officers who arrived at the scene. Appellant did not testify, but called three witnesses who did not observe the offense or testify regarding it. Thus, Ariran's testimony of appellant's assaultive actions was uncontradicted, and the overwhelming weight of the evidence supported the jury's verdict.

Appellant contends that Ariran's testimony that he held a knife in his hand when the police confronted him at the door raised a contested issue because the officers testified to having recovered the knife when it fell to the ground as they escorted appellant to the police car. Of course, there is no material inconsistency between the testimony of Ariran and the officers: appellant had to have had the knife when he answered the door to have dropped it as he neared the patrol car.

There is nothing in the state of the evidence that shows any harm from the jury instruction of which appellant complains.

### 4. The Arguments of Counsel

Appellant points to his counsel's closing argument that Ariran must have had the knife, that appellant took it away from her, and that he had the knife when he went to the door for that reason, but no evidence supported the argument that appellant took the knife from Ariran. The State points out that appellant's counsel argued for appellant to be found not guilty, as opposed to being found guilty of a lesser-included offense. Appellant's counsel did refer, during closing argument, to the four possible verdict outcomes (guilty of aggravated assault, guilty of terroristic threat, guilty of assault, or not guilty of any offense) as "choices" that the jury had. Neither counsel for appellant nor counsel for the State mentioned the term or concept of unanimity, however. Thus, the arguments do not demonstrate any harm.

### 5. Any Other Relevant Information from the Record

We initially consider two matters on which appellant relies to show harm in this final catch-all prong of our analysis: a jury note sent to the trial court, asking for clarification concerning the assault, and the fact that the length of deliberations exceeded the length of the trial.

The note read: "If the defendant intended only to intimidate the victim with the knife, if we stipulate that an assault was ongoing, has the offence [sic] in total risen to the definition of aggravated assault[?]" Appellant infers from the note that some jurors did not believe beyond a reasonable doubt that appellant was guilty of aggravated assault. However, it is also possible to infer that the jury was considering whether to find appellant guilty of the lesser-included offense, terroristic threat, which required the jury to find only that appellant had threatened violence to Ariran or placed her in fear of imminent serious bodily injury. Of course, if the jury's note shows that the jury did consider this lesser-included offense, then appellant's claim of harm—that the complained-of charge pressured the jury to find him guilty because it precluded the jury from even proceeding to consider lesser offenses until it had unanimously agreed to acquit him of the greater offense—is rebutted.

In any event, what the note does *not* imply is that the jury was having any trouble with the implicit unanimity requirement of which appellant complains. We reach the same conclusion concerning appellant's argument based on the length of deliberations. Although lengthy deliberations may imply some difficulty in reaching a verdict, they imply nothing about whether an implicit unanimity requirement was the cause of any difficulty. Indeed, there is nothing in the record supporting appellant's claim that any juror felt pressured by a unanimity requirement regarding acquitting appellant of the greater offense before considering his guilt of a lesser offense.

### 6. Resolution

We hold that appellant has failed to meet his burden of showing that he was harmed, much less egregiously harmed, by the trial court's charge even if that charge required the jury unanimously to acquit appellant of the greater offense before it could consider a lesser-included offense.[2] Accordingly, we overrule appellant's sole point of error.

### Conclusion

◼ Even though we have overruled appellant's sole point of error, we must nonetheless modify the trial court's judgment for unrelated error: the judgment recites that appellant pleaded "guilty," when, in fact, he pleaded "not guilty." The State correctly notes that this Court may modify a trial court's judgment to preserve the integrity of the record when, as here, the correct information is available for such a modification. *See Nolan v. State*, 39 S.W.3d 697, 698 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

Therefore, we modify the judgment of the trial court to reflect appellant's actual plea of "not guilty" and affirm the judgment as so modified.

Justice KEYES, concurring.

EVELYN V. KEYES, Justice, concurring.

I respectfully concur in the judgment only. The language in the jury charge complained of by appellant states:

> Now, *if you find from the evidence beyond a reasonable doubt that* on or about the 13th day of May, 2005, in Harris County, Texas, the defendant, Wayne O'Hara Campbell, did then and there unlawfully, intentionally or knowingly threaten Demetra Ariran with imminent bodily injury by using or exhibiting a deadly weapon, namely, a knife, *then you will find the defendant guilty of aggravated assault,* as charged in the indictment.
>
> *Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated assault, and next consider whether the defendant is guilty of terroristic threat* . . . .
>
> [I]f you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 13th day of May, 2005, the defendant, Wayne O'Hara Campbell, did then and there unlawfully, threaten violence to Demetra Ariran or place Demetra Ariran in fear of imminent serious bodily injury, then

---

**2.** Indeed, it is difficult to see how an accused could ever show any harm. Either the jury did not proceed to consider the allegedly erroneous portion of the charge because it found the accused guilty of the greater offense, or, if the jury proceeded to consider the lesser offenses, any contention that the complained-of charge language pressured the jury to find the accused guilty of the greater offense by preventing it from going on to consider lesser offenses is obviously rebutted.

you will find the defendant guilty of terroristic threat.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of terroristic threat and next consider whether the defendant is guilty of assault. . . .

*If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either aggravated assault or terroristic threat, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense* of terroristic threat.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either terroristic threat or assault, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of assault.

*If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge, you will acquit the defendant and say by your verdict "Not Guilty."*

(Emphasis added.)

Appellant contends the charge is erroneous in that the jury was required to acquit appellant of aggravated assault unanimously before it could move on to consider the lesser-included offenses. That contention misreads the charge. The charge says that (a) unless the jurors as a whole, or unanimously, find beyond a reasonable doubt that the defendant is guilty of the greater offense of aggravated assault or (b) if, as a whole, or unanimously, they do not agree that the defendant is guilty of the greater offense of aggravated assault and, therefore, have a reasonable doubt as to his guilt of the greater offense, they

must acquit him of the greater offense and then consider the lesser offense of terroristic threat—and so on down the chain of lesser included offenses. The necessary implication is that a *lack of unanimity as to guilt*—and *not unanimity as to acquittal*—must produce a verdict of acquittal on any offense charged.

The instruction given to the jurors, while hardly a model of clarity, is not erroneous. It adequately instructs the jury that if any of them has a reasonable doubt about the defendant's guilt on the greater charge the defendant must be acquitted of that charge; therefore, they should consider the defendant acquitted of that charge and so consider the next offense. There is nothing in the charge that instructs the jurors that they cannot change their minds during deliberations prior to rendition of the verdict and agree that whatever doubts any of them had about the greater offense that prevented a guilty verdict on that offense have been assuaged. Indeed, the charge expressly recognizes that the jurors may change their minds as they deliberate. It, therefore, instructs them, "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either aggravated assault or terroristic threat, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense."

The exact opposite of appellant's complaint was made previously by the appellant in *Boyett v. State*, namely, that the jury should have been instructed to acquit the defendant of the greater offense before addressing the lesser. 692 S.W.2d 512 (Tex.Crim.App.1985). The instruction complained of in *Boyett* stated, in relevant part, *"Unless you so find [i.e., that the defendant is guilty of the greater offense], or if you have a reasonable doubt thereof,*

*you should consider whether or not the defendant is guilty of the lesser included offense of [offense named]."* *Id.* at 515 (emphasis added). The appellant complained that the instruction should have advised the jurors—as it does here—that "if you do not so believe, [the defendant is guilty of the greater offense] or if you have reasonable doubt thereof, *you will acquit the defendant* of [the greater offense] and proceed to consider whether the defendant is guilty of the [lesser offense]." *Id.* (emphasis added). The Court of Criminal Appeals stated:

> *We agree with appellant that the charge given in the instant case should have more explicitly instructed the jurors that if they did not believe, or if they had reasonable doubt of appellant's guilt of the greater offense, they should acquit appellant and proceed to consider whether appellant was guilty of the lesser included offense.* ... However, the instruction given, although not a model charge, essentially instructed the jurors to acquit, without specifically using the word "acquit", by stating that if the jurors had a reasonable doubt as to the guilt of appellant to the greater offense, they should next consider the lesser included offense. This instruction properly informed the jurors to consider appellant's requested instructions on lesser included offenses.... The charge read as a whole adequately instructed

the jurors about acquitting appellant and about considering the lesser included offenses requested by appellant.

*Id.* at 516 (internal citations omitted) (emphasis added).

In this case, appellant complains that the instruction to acquit of the greater charge before addressing the lesser—the instruction sought by the appellant in *Boyett* and held to be correct by the Court of Criminal Appeals—is the error and, therefore, implicitly seeks a return to the instruction complained of in *Boyett.* I would not engage in this round robin. The majority, however, indulges appellant—at least sufficiently to assume error and conduct a harmless error analysis—only to conclude that appellant suffered no harm from the instruction.

Because I think appellant's reasoning is faulty and the law is clear, I do not agree that the instruction is erroneous.[1] Because I otherwise agree with the majority, I concur in the judgment affirming appellant's conviction.

---

1. As the majority states, a long line of cases holds that any error in the submission of a lesser-included offense is not reversible when the jury has found the accused guilty of the greater offense. *See O'Pry v. State,* 642 S.W.2d 748, 765 (Tex.Crim.App.1982); *Thomas v. State,* 587 S.W.2d 707, 708–09 (Tex. Crim.App.1979); *DeRusse v. State,* 579 S.W.2d 224, 233 (Tex.Crim.App.1979); *see also Parson v. State,* 193 S.W.3d 116, 127 (Tex.App.-Texarkana 2006, pet. ref'd). The rationale for this line of cases is that, once the jury convicts an accused of the greater offense charged, having been properly charged as to that offense, it has no occasion to consider whether appellant might be guilty of the lesser-included offense. *See O'Pry,* 642 S.W.2d at 765. Here, the jury, having found appellant guilty of the greater offense of aggravated assault, had no occasion to consider lesser included offenses. Therefore, I agree that, had the instructions regarding consideration of lesser included offenses been erroneous, appellant still would not have been harmed by the failure of the jury to consider those offenses because there was no occasion to reach them in his case.