Opinion issued January 29, 2009 








 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00391-CR

____________


KENNETH EUGENE HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1055272






CONCURRING OPINION

 


I join the opinion of Justice Jennings, but I write this concurring opinion to
further note a couple of matters.

In Boyett v. State, the Texas Court of Criminal Appeals explained that, when
a jury is asked to consider lesser-included offenses in determining the guilt of a
defendant, the jury charge should "explicitly" instruct jurors that if they do not
believe, or if they have a reasonable doubt of a defendant's guilt of a greater offense,
"they should acquit" the defendant of the greater offense and then "proceed to
consider whether [the defendant is] guilty of the lesser included offense." 692
S.W.2d 512, 515 (Tex. Crim. App. 1985). Although appellant acknowledges that the
source of the instruction in question is the Texas Court of Criminal Appeals opinion
in Boyett, he contends that

 The majority opinion [in Boyett] relied solely upon a form
book sample jury charge for its holding that the jury charge
should have instructed the jury to acquit the defendant of
the greater offense before considering a lesser offense. The
majority opinion did not explain why a unanimous
agreement to acquit of a greater offense is required before
the jury is allowed to consider guilt of a lesser included
offense.


Of course, the Court of Criminal Appeals had no reason to address the
controversy regarding "unanimity" that arose more than a decade after its Boyett
opinion. See Hutson v. State, No. 03-99-00523-CR, 2000 WL 298675 (Tex.
App.--Austin Mar. 23, 2000, pet. ref'd) (not designated for publication) (finding no
requirement of unanimity).

This Court has been presented with the unanimity controversy in several cases. 
Initially, we found it unnecessary to resolve the controversy because even assuming
the instruction required unanimity and that such was error, we held that any error was
harmless. See Campbell v. State, 227 S.W.3d 326, 332 (Tex. App.--Houston [1st
Dist.] 2007, no pet.). Subsequently, this Court has held that the instruction is not
erroneous because it does not require unanimity. See Mitchel v. State, 264 S.W.3d
244, 250 (Tex. App.--Houston [1st Dist.] 2008, pet. ref'd). We have followed
Mitchel in a couple of unpublished opinions. See Barrios v. State, No. 01-07-00099-CR, 2008 WL 1747738, at *2 (Tex. App.--Houston [1st Dist.] Apr. 17, 2008, pet.
granted) (mem. op., not designated for publication); Rainey v. State, No. 01-06-01026-CR, 2008 WL 1747623, at *2 (Tex. App.--Houston [1st Dist.] Apr. 17, 2008,
pet. filed) (mem. op., not designated for publication). Although the Court of Criminal
Appeals refused review in Mitchel it granted review in Barrios. 

I acknowledge that there are reasonable arguments on both sides of the
unanimity controversy. In Mitchel, we relied primarily on the existence of another
instruction that presumed the jurors were considering whether to convict of the
greater or lesser offense, in which case they should resolve any doubt by finding the
defendant guilty of the lesser offense. See Mitchel, 264 S.W.3d at 250. The
practicality of avoiding mistrials when a jury cannot unanimously find the defendant
not guilty of the greater before considering the lesser, as illustrated by the Hutson
case, further supports our former holding in Mitchel.

In Campbell, we pointed out a couple of considerations that cut each way. For
example, the word unanimously does not appear in the complained of instruction, but
only in the boilerplate in regard to the foreman's duty to certify the verdict
unanimously agreed upon. See Campbell, 227 S.W.3d at 328. We noted that the
verdict form provided four equal choices (not guilty of any offense, guilty of the
greater offense, and guilty of either of the two lesser offenses). See id. at 329. The
absence of a verdict form for not guilty of the greater offense also tends to support
non-unanimity. We also mentioned the Hutson opinion from the Third Court of
Appeals. Id.

Supporting unanimity, we observed in Campbell that the language of the
instruction itself in which the pronoun "you" is used in place of "members of the
jury," implying that only if all jurors had a reasonable doubt of guilt as to the greater,
should they go on to consider the first lesser offense. Id. at 329 & n.1. Within the
harmless error analysis in Campbell, we also observed the well-established principle
that any error in the instructions regarding the lesser offenses is not reversible
because the jury is presumed to have stopped deliberating after having found the
defendant guilty of the greater offense. Id. at 330. Closely related to this last
consideration is the observation that one reads a document starting from the top of the
first page. One who begins reading the charge in the present case, for example, will
read through some introductory language, some definitions, and then come to the
application paragraph for the greater offense. The application paragraph instructs the
jurors in plain language that if they believe beyond a reasonable doubt that the
defendant is guilty of the greater offense, then they will find the defendant guilty of
that offense. No one questions that the finding of guilt beyond a reasonable doubt as
to the charged offense must be a unanimous decision, even though the application
paragraph does not expressly say so.

Then comes the instruction in question:Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant of manslaughter and
next consider whether the defendant is guilty of the lesser
offense of criminally negligent homicide.


In accord with the mandate from Boyett and consistent with the plain language
of the context, I would also hold that this instruction requires the jury to unanimously
acquit the defendant before proceeding to consider appellant's guilt of a lesser
included offense. Such a holding not only is true to the mandate of the Court of
Criminal Appeals and the plain language of the jury charge, it is also in accord with
the policy consideration that the State, which brought the original charge against the
defendant, is entitled to a verdict on that charge. Of course, a verdict in a criminal
case must be unanimous. 

That leaves the question of what to do with the instruction upon which we
relied in Mitchel: 

If you find from the evidence beyond a reasonable
doubt that the defendant is guilty of either manslaughter on
the one hand or criminally negligent homicide on the other
hand, but you have a reasonable doubt as to which of said
offenses he is guilty, then you must resolve that doubt in
the defendant's favor and find him guilty of the lesser
offense of criminally negligent homicide.


I would hold that this instruction is inherently confusing and should not be
submitted to the jury. If the jury had unanimously found beyond a reasonable doubt
that the defendant was guilty of the greater offense, it should have proceeded to the
verdict page and indicated it had found the defendant guilty of the greater offense. 
If the jury unanimously did not so find, then it should have acquitted the defendant
of the greater offense and gone on to consider a lesser-included offense. In either
case, the jury will never be in a position of having to choose between the greater and
the lesser, wondering of which the defendant is guilty beyond a reasonable doubt.


For these reasons, I agree that the jury instruction in question is not erroneous,
I agree that it requires unanimity, and I concur in the overruling of appellant's first
point.


 Tim Taft

 Justice



Panel consists of Chief Justice Radack and Justices Jennings and Bland.


En banc consideration was requested. See Tex. R. App. P. 41.2(c).


A majority of the Court voted for en banc consideration. See Tex. R. App. P. 49.7.


The En Banc Court consists of Chief Justice Radack and Justices Taft, Jennings,
Keyes, Alcala, Hanks, Higley, Bland, and Sharp.


Justice Jennings, writing for the majority of the En Banc Court, joined by Chief
Justice Radack and Justices Taft, Alcala, Hanks, and Bland.


Justice Taft, concurring to the en banc opinion, joined by Justice Alcala.


Justice Keyes, dissenting to the en banc opinion, joined by Justice Higley.


Justice Sharp, not participating.


Publish. Tex. R. App. P. 47.2(b).