Opinion issued January 29, 2009 



















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00391-CR

____________


KENNETH EUGENE HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1055272






DISSENTING OPINION ON EN BANC REVIEW

 I respectfully dissent. In this case, a jury found appellant, Kenneth Eugene
Harris, guilty of the offense of manslaughter with a deadly weapon (1) and assessed his
punishment at confinement for 20 years. In his first and second points of error,
appellant contends the trial court erred (1) in instructing the jury to agree
unanimously to acquit him of the offense of manslaughter before considering whether
he was guilty of the lesser-included offense of criminally negligent homicide and (2)
in overruling his objection to the State's argument that the jury must unanimously
agree to acquit him of manslaughter before considering whether he was guilty of
criminally negligent homicide. 

 Without engaging in the analysis of the language of the charge articulated by
this Court in its previous published decisions on this point, Mitchel v. State, 264
S.W.3d 244, 249-51 (Tex. App.--Houston [1st Dist.] 2008, pet. ref'd), and Campbell
v. State, 227 S.W.3d 326, 328-29 (Tex. App.--Houston [1st Dist.] 2007, no pet.), the
majority overrules Mitchel, stating, "[W]e expressly hold that the trial court did not
err in instructing the jury to agree unanimously to acquit appellant of manslaughter
before determining whether appellant was guilty of the lesser-included offense of
criminally negligent homicide" and that (2) "the trial court did not err in overruling
appellant's objection to the State's jury argument" because the State correctly stated
the law. Harris v. State, No. 01-07-00391-CR, slip op. at 10-11, 14 (Tex.
App.--Houston [1st Dist.] Jan. 29, 2009, no pet. h.). 

 Because I believe the majority's construction of the charge is contrary to the
controlling case, Boyett v. State, 692 S.W.2d 512, 515 (Tex. Crim. App. 1985), and
because the majority overrules Mitchel and its progeny, (2) with which I agree, and
because I believe the majority's insertion of a unanimity requirement at the beginning
of the charge violates the rules of construction and has the consequence of depriving
defendants of the substantial right to have lesser included offenses considered in
cases of reasonable doubt before a verdict of guilty or acquittal is reached, I
respectfully dissent.

 I would hold that the charge, read in accordance with controlling law, does not
require that the jurors must agree unanimously to acquit a defendant of the greater
offense before they can consider the lesser; rather, it provides that unless the jurors
agree unanimously to convict the defendant of the greater offense, or if any of them
have a reasonable doubt about convicting him of the greater offense, they should
consider the lesser offense, and they must prefer the lesser offense if any of them
continue to have a reasonable doubt as to whether he is guilty of the greater. I would
also hold that the State misstated the law in its jury argument, that the trial court erred
in permitting that argument over appellant's objection, and that appellant was harmed
thereby. I would, therefore, reverse and remand the case for a new trial.

Facts

 The jury charge at issue stated in pertinent part:

 Now, if you find from the evidence beyond a reasonable doubt that on
or about the 10th day of July, 2005, in Harris County, Texas, the
defendant, Kenneth Eugene Harris, did then and there unlawfully,
recklessly cause the death of [the complainant] by striking [her] with
the motor vehicle while driving the motor vehicle at an excessive rate of
speed and failing to keep a proper lookout, then you will find the
defendant guilty of manslaughter, as charged in the indictment.


 Unless you so find from the evidence beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will acquit the defendant of
manslaughter and next consider whether the defendant is guilty of the
lesser offense of criminally negligent homicide.


. . . .


 Therefore, if you find from the evidence beyond a reasonable doubt that
on or about the 10th day of July, 2005, . . . the defendant . . . did then and
there unlawfully, with criminal negligence cause the death of [the
complainant] by striking [her] with the motor vehicle while driving the
motor vehicle at an excessive rate of speed and failing to keep a proper
lookout, then you will find the defendant guilty of criminally negligent
homicide.

. . . .


 If you have a reasonable doubt as to whether the defendant is guilty of
any offense defined in this charge then you will acquit the defendant and
say by your verdict "Not Guilty."

. . . .


 After you retire to the jury room, you should select one of your members
as your Foreman. It is his or her duty to preside at your deliberations,
vote with you, and when you have unanimously agreed upon a verdict,
to certify to your verdict by using the appropriate form attached hereto
and signing the same as Foreman.


. . . .


 Following the arguments of counsel, you will retire to consider your
verdict.


(Emphasis added).

 During the State's jury argument, the following exchange occurred:

[State]: The only way you get to criminally negligent
homicide is if every single one of you says
"not guilty" on the manslaughter. That's the
only way you get there.


[Appellant's counsel]: Objection, Judge. That's not true.


[Court]: I'm sorry. That statement again[.]


[State]: The only way they get to manslaughter is
if--or to criminally negligent homicide is if
they say "not guilty" of manslaughter.


[Court]: Your objection is overruled. The [c]ourt has
given the charge on the law.


[State]: It's real simple. Criminally negligent
homicide is here (indicating). And the only
time you consider that is if every--all 12,
every single one of you, says, "No, not guilty." 
So, you're not going to get there, so I'm not
going to get there, so I'm not going to spend a
lot of time talking about that because that
doesn't make sense. The reckless driving. I'm
not going to spend any time at all talking about
that because that's just offensive. And I'm not
going to talk about that.


[Appellant's counsel]: Judge, I object to that. That's the law and the
jury's--was instructed to consider the charge.


[Court]: And the charge is given. If the [State] chooses
not to argue that, that's [its] prerogative.


(Emphasis added).

Jury Charge

In his first point of error, appellant argues that the trial court "erroneously
instructed the jury that it could not consider the lesser included offense of criminally
negligent homicide, unless and until the jury acquitted appellant of manslaughter."
Appellant contends that "[t]he law does not require that the jury unanimously agree
that an accused is not guilty of a greater offense before they may consider a lesser
offense." I agree with appellant's statement of Texas law, but I disagree with
appellant's further statement that the instruction given to the jury as written--rather
than as construed by the State in its jury argument--instructed them incorrectly. 


I would hold that the jury instruction as written is a correct statement of Texas
law as stated in the controlling cases--Boyett and Mitchel. The majority, however,
conclusorily overrules Mitchel on two grounds. First, the majority opines that Article
37.14 of the Code of Criminal Procedure, which provides that if a defendant is found
guilty of a lesser-included offense the verdict "shall be considered an acquittal of the
higher offense," "says nothing about how a trial court is to instruct juries on lesser-included offenses." Tex. Code Crim. Proc. Ann. art. 37.14 (Vernon 2006); Harris,
slip op. at 12. Second, the majority opines that its construction "is in accord with
Boyett," in which the Texas Court of Criminal Appeals expressly agreed with the
defendant in that case that the pertinent charge "should have more explicitly instructed
the jurors that if they did not believe, or if they had reasonable doubt of [the
defendant's] guilt of the greater offense, they would acquit [the defendant] and
proceed to consider whether [the defendant] was guilty of the lesser included offense." 
Id. at 13 (quoting Boyett, 692 S.W.2d at 515). I disagree both with the claim that the
Code of Criminal Procedure is silent as to the requirements of a proper instruction on
lesser-included offenses and with the claim that the majority has correctly construed
Boyett.

The majority construes the sentence quoted from Boyett as instructing jurors that
if they have a reasonable doubt as to whether the defendant is guilty of a greater
offense they must unanimously acquit him of the greater offense and, only if they are
unanimous as to acquittal, then they "proceed to consider" the next lesser offense. I
disagree that there is such an instruction in Boyett. 

In Boyett, which this Court previously analyzed in Mitchel, the issue was
whether there should have been a sequencing charge, such as that at issue in this case. 
See Mitchel, 264 S.W.3d at 249-50 (analyzing Boyett). The charge complained of
applied Texas law to the facts for murder, voluntary manslaughter, and involuntary
manslaughter, and then stated, "Unless you so find, or if you have reasonable doubt
thereof, you should consider whether or not the defendant is guilty of the lesser
included offense of [offense named]." Boyett, 692 S.W.2d at 515. The appellant in
Boyett argued that the charge "amounts to an instruction to convict because it does not
instruct the jury to acquit Appellant of a greater offense before considering his guilt
of a lesser offense nor does it instruct the Jury to acquit if it has a reasonable doubt as
to whether Appellant is guilty of any offense therein defined." Id. The appellant
sought an instruction that is essentially identical to the one given in this case, namely
an instruction that would say:

 [I]f you do not so believe, [the defendant is guilty of the greater
offense] or if you have a reasonable doubt thereof, you will acquit
the defendant and say by your verdict 'not guilty' but if you do not
so believe, or if you have a reasonable doubt thereof, you will
acquit the defendant of [the greater offense] and proceed to
consider whether the defendant is guilty of the [lesser offense]. 


Id.

The Court of Criminal Appeals agreed with the appellant in Boyett that the
charge "should have more explicitly instructed the jurors that if they did not believe,
or if they had reasonable doubt of appellant's guilt of the greater offense, they should
acquit appellant and proceed to consider whether appellant was guilty of the lesser
included offense." Id. (emphasis added). But the Court of Criminal Appeals imposed
no unanimity requirement on the jurors' acquittal of the greater offense before
proceeding to the lesser. Instead, it held that the instruction as given had the same
effect as the instruction sought, namely, when read as a whole, it directed the jurors to
consider the offenses in sequence unless they were unanimous that the defendant was
guilty of a greater offense beyond a reasonable doubt; it did not direct them not to
proceed to consider lesser offenses unless they were unanimous that the defendant
should be acquitted of a greater offense:

[T]he instruction given, although not a model charge, essentially
instructed the jurors to acquit, without specifically using the word
'acquit,' by stating that if the jurors had a reasonable doubt as to the guilt
of appellant to the greater offense, they should next consider the lesser
included offense. This instruction properly informed the jurors to
consider appellant's requested instructions on lesser included offenses. 
The jury apparently understood the instructions correctly since they
found appellant guilty of the lesser included offense of voluntary
manslaughter, thus acquitting him of murder. The charge read as a whole
adequately instructed the jurors about acquitting appellant and about
considering the lesser included offenses requested by appellant.


The second part of appellant's contention is that the charge does
not instruct the jury to acquit if it has a reasonable doubt as to whether
appellant is guilty of any offense. The last page of the charge instructs
the jurors, "In case you have a reasonable doubt as to defendant's guilt
after considering all the evidence before you and these instructions, you
will acquit him." The better practice is to instruct the jury that if it has
a reasonable doubt as to whether a defendant is guilty of any offense
defined in the charge, it will find the defendant not guilty and the better
location for such an instruction is after the last lesser included offense
in the charge. However, we hold that the instruction given is, in essence,
the same as that appellant now contends should have been given and the
charge when read as a whole adequately instructs the jury on this issue.


Id. at 516 (emphasis added).

The Court of Criminal Appeals thus construed the correct charge as one that
directed the jurors to read the charge as a whole and, if they had a reasonable doubt
of the defendant's guilt of the greater offense, not to convict the defendant of that
greater offense but to consider whether he was guilty of a lesser offense and, at the
end of considering all of the lesser included offenses, to acquit the defendant of a
greater offense by finding him guilty of a lesser or acquitting him of all charges, just
as Article 37.14 of the Code of Criminal Procedure requires. See Tex. Code Crim.
Proc. Ann. art. 37.14 (providing that guilty verdict on lesser-included offense "shall
be considered an acquittal of the higher offense").

The charge at issue in this Court's Mitchel case adopted the charge language
suggested by the defense in Boyett and approved by the Court of Criminal Appeals in
Boyett. See Mitchel, 264 S.W.3d at 249. This Court held,


The charge instructed jurors that having a reasonable doubt of appellant's
guilt of the greater offense amounted to an acquittal of that offense and
required that jurors consider the lesser offenses. The charge then
required that, if the jurors had a reasonable doubt as to whether appellant
was guilty of the greater offense or the lesser included offense, the jurors
must resolve any doubt by finding appellant guilty of the lesser offense. 
When read together, these two instructions properly instructed jurors
regarding the effect of their having had a reasonable doubt as to any
charged offense.

 

Id. at 250.

As in Mitchel, the charge at issue in the instant case incorporates the language
sought by the defense in Boyett and construed by the Court of Criminal Appeals in 
Boyett as directing the jury to consider the charge as a whole and to determine guilt
after considering both the greater and the lesser offenses, determining acquittal of a
greater offense by conviction of a lesser or acquittal of all charges in the verdict. As
this Court previously observed in both Campbell and Mitchel, the only mention of
unanimity occurs at the end of the jury charge regarding the foreman's certification
duties once the jury has "unanimously agreed upon a verdict," and it applies only after
the jurors have gone through the entire sequence of offenses with which the defendant
was charged and have acquitted him of the greater charges (if they do) by convicting
him of a lesser or acquitting him of all charges. See Mitchel, 264 S.W.3d at 250;
Campbell, 227 S.W.3d at 328-29; see also Boyett, 692 S.W.2d at 516 (preferring as
"[t]he better practice" in cases when the jury "has a reasonable doubt as to whether a
defendant is guilty of any offense defined in the charge" to locate the instruction that
the jury find the defendant "not guilty . . . after the last lesser included offense in the
charge"). Moreover, just as in Mitchel and Boyett, there is no indication in the text of
the challenged instruction that unanimity is required on any offense prior to the
delivery of the verdict, and the charge makes sense as a whole only if it is read as
instructing the jurors to consider each charged offense in sequence, unless they
unanimously agree to convict the defendant of a greater offense before reaching a
lesser. (3)

The majority, however, rather than reading the charge as a whole as requiring
a jury in doubt as to a greater offense to consider lesser included offenses before
reaching their unanimous verdict of guilt or acquittal, interprets the instruction as
prohibiting the jury from considering a lesser offense if they have a reasonable doubt
about convicting the defendant of the greater offense except in the special case where
all jurors have such a doubt. Thus, in virtually all cases, it precludes consideration of
the charge as a whole, comparison of the greater and lesser offenses, and acquittal of
a greater offense by conviction of a lesser. The jury must either all agree to convict
the defendant of the greater offense or all agree to acquit before even considering the
rest of the charge. The majority's reading of the charge thus transposes an instruction
addressed to the situation in which jurors do not agree unanimously to convict the
defendant of the greater offense or have a reasonable doubt, and are, therefore,
instructed to proceed to consider the lesser offense, with an instruction requiring that
jurors must agree unanimously to acquit of the greater offense in order to reach the
lesser. The jurors are stuck, by the majority's reading, with "all or nothing," and the
part of the charge directing them to consider the next lesser offenses in sequence
becomes irrelevant in all cases except those in which every juror agrees that the
defendant is not guilty of the greater offense. There is no room for a non-unanimous
jury or a reasonable doubt in this interpretation of the charge. The result is a reading
that turns the construction of the charge required by Boyett and Mitchel on its head.

Not only does the majority's reading of the charge contravene Boyett, it also
contravenes the rules of construction. Lesser included offenses are governed by
articles 37.08 and 37.09 of the Texas Code of Criminal Procedure, as well as article
37.14. Tex. Code Crim. Proc. Ann. arts. 37.08, 37.09, 37.14 (Vernon 2006). Article
3.01 of the Code of Criminal Procedure provides, "All words, phrases and terms in this
Code are to be taken and understood in their usual acceptance in common language,
except where specially defined." Tex. Code Crim. Proc. Ann. art. 3.01 (Vernon
2005). In addition, article 1.27 of the Code provides, "If this Code fails to provide a
rule of procedure in a particular state of a case which may arise, the rules of the
common law shall be applied and govern." Id. art. 1.27. 

The leading case governing the interpretation of text in the criminal context is
Boykin v. State. 818 S.W.2d 782 (Tex. Crim. App. 1991). Boykin is a statutory
construction case, but, as the court stated, "It should be remembered that the canons
of construction are no more than rules of logic for the interpretation of texts." Id. at
785 n.3. The rules of construction in criminal cases thus apply to the text of criminal
jury charges, as well as to the texts of the statutes under which they are promulgated. 
Under Boykin, the Court of Criminal Appeals gives primary effect to the plain
meaning of a text. Id. at 785. Only when the plain meaning would lead to absurd
consequences is the language not applied literally. Id. The persuasiveness of an
interpretation is evaluated in the textual context, since it is illogical to presume that
in writing a statute the legislature intended a part of the whole to be superfluous. See
id. at 786. 

Since Boykin, the Court of Criminal Appeals has repeatedly emphasized that the
courts must seek to fulfill the legislature's purpose in enacting a statute. See
Hernandez v. State, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004); Wolfe v. State, 120
S.W.3d 368, 370-72 (Tex. Crim. App. 2003). It has likewise repeatedly emphasized
that ordinarily a statute must be interpreted according to its plain meaning unless that
would lead to an "absurd result that the legislature could not have intended." Jaubert
v. State, 74 S.W.3d 1, 2 (Tex. Crim. App. 2002); Enos v. State, 889 S.W.2d 303, 305
(Tex. Crim. App. 1994). The same rules apply to jury charges, by which the intent of
the Legislature in enacting statutes is implemented in particular cases.

Here, the majority's construction of the charge includes a silent unanimity
requirement that contravenes the plain language of the statute by adding an additional
secret term. This construction also renders the rest of the instruction, requiring
consideration of lesser included offenses in cases of doubt, superfluous; and it
contravenes the rule that the text should be read as a whole. See Boykin, 818 S.W.2d
at 886; see also Boyett, 692 S.W.2d at 516 (holding that instruction regarding
consideration of lesser included offenses "when read as a whole adequately instructs
the jury on this issue"). Moreover, the majority's construction of the charge
contravenes legislative intent in enacting articles 37.08, 37.09, and 37.14 of the Code
of Criminal Procedure, which permit the consideration of lesser included offenses and
provide for acquittal of a greater offense by conviction of a lesser, by ruling out
consideration of the lesser charge in most situations, namely, whenever the jury is less
than unanimous in its belief that the defendant is not guilty of the greater offense
beyond a reasonable doubt. 

The majority's construction of the charge has important consequences. By
prohibiting the jury from following the charge's explicit instruction to consider lesser
included offenses when it is not unanimous in agreeing that the defendant should be
convicted of the greater offense or when some jurors have a reasonable doubt as to
whether he should be convicted of the greater, the majority's reading deprives the
defendant of the substantial right to have the jurors consider whether he is guilty of
the lesser offense in most cases, and it coerces them to convict him of the greater
offense by precluding them from considering evidence that might change their minds. 
It also deprives the defendant of the right to be acquitted of the greater offense by
conviction of the lesser when some of the jurors have a reasonable doubt as to whether
he should be convicted of the one or the other.

For the foregoing reasons, I would hold that Mitchel correctly states the law and
that there is no unanimity requirement in a legally correct reading of the charge
submitted to the jury in this case. Thus, I would overrule appellant's first point of
error insofar as appellant contends that the charge itself misstates Texas law. I would
sustain it, however, insofar as appellant contends that the construction of the charge
heard by the jurors in the State's jury argument, over appellant's objection, and
adopted as the proper construction by the trial court, misstated Texas law. 

Jury Argument

In his second point of error, appellant argues that the trial court erred in
overruling his objection to the State's argument that "Texas law requires the jury
unanimously to acquit an accused of a greater offense before it can even consider
whether the accused is guilty of a lesser-included offense." Appellant contends that
by overruling his objection, "the trial court gave a stamp of approval to a misstatement
of the law that harmed appellant." I agree.

The majority finds no error in the State's argument that the jury could not
consider the lesser charge unless "all 12, every single one of you, says, "No, not
guilty" and its instruction, "So you're not going to get there, so I'm not going to get
there, so I'm not going to spend a lot of time talking about that because that doesn't
make sense." Rather, the majority states, "It is not error for the State to quote or
paraphrase the jury charge during argument." Harris, slip op. at 15. It, therefore,
holds that the "trial court did not err in instructing the jury to agree unanimously to
acquit appellant of manslaughter before considering whether appellant was guilty of
the lesser-included offense of criminally negligent homicide" and it "did not err in
overruling appellant's objection to the State's jury argument." Id. 

To be permissible, jury argument must fall within one of four areas:
(1) summation of the evidence; (2) reasonable deduction from the evidence;
(3) response to argument of opposing counsel; or (4) plea for law enforcement. 
Kinnamon v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990); Moore v. State, 233
S.W.3d 32, 37 (Tex. App.--Houston [1st Dist.] 2007, no pet.). Argument that
misstates the law or is contrary to the court's charge is improper. Grant v. State, 738
S.W.2d 309, 311 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). Following an
objectionable jury argument, an instruction by the court to disregard the argument will,
however, normally obviate the error, unless the argument was so inflammatory that its
prejudicial effect could not reasonably be removed by such an admonishment. 
Kinnamon, 791 S.W.2d at 89; Melton v. State, 713 S.W.2d 107, 114 (Tex. Crim. App.
1986). "In order for an improper argument to rise to a level that mandates reversal,
the argument must be extreme, or manifestly improper or inject new and harmful facts
into evidence." Kinnamon, 791 S.W.2d at 89.

In Almanza v. State, the Texas Court of Criminal Appeals addressed error in the
jury charge. 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). It held that if the error is
the subject of a timely objection in the trial court, reversal is required if the error was
"calculated to injure the rights of defendant," i.e., if there was "some harm to the
defendant." Id. at 171. If no proper objection is made at trial, however, reversal is
required only if the error was so egregious and created such harm as to deprive the
defendant of a fair and impartial trial. Id. In both situations, the degree of harm is
determined in light of the entire jury charge, the state of the evidence, including the
contested issues and the weight of the probative evidence, the argument of counsel,
and any other relevant information revealed by the record of the trial as a whole. Id.

Here, the error consisted of a misstatement of the law by the State in its jury
argument, to which appellant properly objected. The error was plainly calculated to
injure appellant's rights by depriving him of the opportunity to have the lesser
included offense of criminally negligent homicide considered if the jurors were less
than unanimous as to whether he was guilty of the greater offense of manslaughter or
if any of them had a reasonable doubt as to such guilt; and it further deprived him of
the right to be acquitted of the greater offense by conviction of the lesser in the event
such doubt persisted after the jury's consideration of the evidence in support of both. 

It is immaterial to the foregoing harm analysis that appellant was convicted of
the greater offense because, given the erroneous construction of the charge the jury
heard from the State with the court's approval, the jurors could reasonably have
believed that they had no choice but to convict appellant of the greater offense of
manslaughter or unanimously acquit him without considering the entire charge or
evidence that might have mitigated in favor of the lesser included offense. Nor is
there any way to determine from the fact that the jury convicted appellant of the
greater charge whether some or many of them had a reasonable doubt as to whether
he should have been convicted of the greater offense, but believed they could not
explore the evidence in favor of the lesser to resolve that doubt, and thus felt
themselves coerced to vote for conviction of the greater, or whether they unanimously
did agree that he was guilty of the greater offense and none of them had a reasonable
doubt that might have been resolved in favor of conviction of the lesser offense. For
these reasons, I can only interpret the harm by the State's and the trial court's
erroneous construction of the charge not merely as some harm--which is all that is
required for reversal under the circumstances of this case--but as egregious harm that
deprived appellant of his right to a fair and impartial trial on all the issues.

I would sustain appellant's second point of error.





ConclusionI would reverse the judgment of the trial court and remand the case for a new
trial.




Evelyn V. Keyes

Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


En banc consideration was requested. See Tex. R. App. P. 41.2(c).


A majority of the Court voted for en banc consideration. See Tex. R. App. P. 49.7.


The En Banc Court consists of Chief Justice Radack and Justices Taft, Jennings,
Keyes, Alcala, Hanks, Higley, Bland, and Sharp.


Justice Jennings, writing for the majority of the En Banc Court, joined by Chief Justice
Radack and Justices Taft, Alcala, Hanks, and Bland.


Justice Taft, concurring to the en banc opinion, joined by Justice Alcala.


Justice Keyes, dissenting to the en banc opinion, joined by Justice Higley.


Justice Sharp, not participating.

Publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 19.04 (Vernon 2003).
2. This Court has issued three memorandum opinions following Mitchel v. State, 264
S.W.3d 244 (Tex. App.--Houston [1st Dist.] 2008, pet. ref'd): Barrios v. State, No.
07-00099-CR, 2008 WL 1747738 (Tex. App.--Houston [1st Dist.] Sept. 10, 2008,
pet. granted) (mem. op.); Rainey v. State, No. 06-01026-CR, 2008 WL 1747623 (Tex.
App.--Houston [1st Dist.] Apr. 17, 2008, pet. filed) (mem. op.); and McAdams v.
State, No. 07-00256-CR, 2008 WL 525736 (Tex. App.--Houston [1st Dist.] Feb. 28,
2008, pet. filed) (mem. op.). 
3. Nevertheless, as stated by the Court of Criminal Appeals of the predecessor charge
in Boyett, more felicitous charge language could have been chosen. See Boyett, 692
S.W.2d at 516. The charge would be clearer and more coherent in conveying the
same idea if it stated, "[If you unanimously find the defendant guilty of the greater
offense, you will proceed directly to the verdict page and convict the defendant of the
greater offense. If you do not unanimously find the defendant guilty of the greater
offense], or if you have a reasonable doubt thereof, you will [not convict] the
defendant of [the greater offense] [but] will next consider whether the defendant is
guilty of the lesser offense. . . ." It is potentially misleading for the jury charge to
direct the jury to "acquit" if they have a reasonable doubt as to whether the defendant
is guilty of the greater offense and "next" to consider the lesser included offense
without spelling out that such "acquittal" is neither unanimous nor final at the time
the jury proceeds to consider the lesser offense. "Acquittal" is a legal term that may
have different connotations for jurors and attorneys.