# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00285-CR

**Ignacio Sanchez Moreno, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-16-205199, THE HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ignacio Sanchez Moreno was charged with continuous sexual abuse of a child. *See* Tex. Penal Code § 21.02. At the end of the guilt-or-innocence phase, the jury found Moreno guilty of the charged offense. At the end of the punishment phase, the jury determined that Moreno should be imprisoned for forty-five years. *See id.* § 21.02(h). The district court rendered its judgment of conviction in accordance with the jury's verdicts. On appeal, Moreno contends that there was error in the jury charge. We will affirm the district court's judgment of conviction.

## BACKGROUND

Moreno was romantically involved with D.M. and later moved in with D.M. and her daughter, S.G.M. At the time Moreno moved into D.M.'s home, S.G.M. was six years old, and Moreno continued to live with them for approximately seven years. After receiving information indicating that Moreno may have been engaging in inappropriate sexual behavior

with S.G.M., the police investigated the allegation and interviewed multiple people, including Moreno.  Ultimately, Moreno was arrested and charged with continuous sexual abuse of S.G.M.

During the trial, Moreno requested instructions on the lesser included offenses of aggravated sexual assault of a child and indecency with a child by contact, and the district court granted the request.  *See* Tex. Penal Code §§ 21.11, 22.021.  The jury charge prepared in this case set out the elements for continuous sexual abuse of a child, including the requirement that an accused have committed two or more acts of sexual abuse during a period of time that was thirty days or more in duration.  *See id.* § 21.02.  Further, the instructions stated that if the members of the jury "believe from the evidence beyond a reasonable doubt that the defendant" committed the offense of continuous sexual abuse, "you will find the defendant guilty and say so by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Continuous Sexual Abuse of a Child and so say by your verdict."

Following those instructions, the charge set out the circumstances in which the jury could consider whether Moreno was guilty of the lesser-included offense of aggravated sexual assault of a child.  In particular, the instructions provided as follows:

> If you find the defendant . . . not guilty of Continuous Sexual Abuse of a Child as alleged in the Indictment, then you will go on to consider whether the defendant is guilty of the lesser included offense of Aggravated Sexual Assault of a Child. You are instructed that you may only consider the lesser included offense of Aggravated Sexual Assault of a Child if you are unanimous as to your verdict of Not Guilty as to the offense of Continuous Sexual Abuse of a Child.

The instructions then listed the elements of the offense of aggravated sexual assault of a child and informed the members of the jury that if they "believe from the evidence beyond a reasonable doubt[] that the defendant" committed the offense, they "will find the defendant guilty of the offense of Aggravated Sexual Assault of a Child and so say by your verdict, but if you do

2

not so believe or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Aggravated Sexual Assault of a Child and so say by your verdict 'Not Guilty.'"

Following those instructions, the charge described when the jury could consider if Moreno was guilty of the lesser-included offense of indecency with a child by contact. Specifically, the instructions provided as follows:

> If you find the defendant . . . not guilty of Aggravated Sexual Assault of a Child as set forth above, then you will go on to consider whether the defendant is guilty of the lesser included offense of Indecency with a Child by Contact. You are instructed that you may only consider the lesser included offense of Indecency with a Child by Contact if the Jury is unanimous as to your verdict of Not Guilty as to the lesser included offense of Aggravated Sexual Assault of a Child.

As with the instructions for aggravated sexual assault of a child, the charge then set out the elements of the offense of indecency with a child by contact and informed the jury that if the members "believe from the evidence beyond a reasonable doubt that" Moreno committed the offense, they "will find the defendant guilty of the offense of Indecency with a Child by Contact as set forth above and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Indecency with a Child by Contact and so say by your verdict 'Not Guilty.'"

Moreno presented no objection to the proposed charge, and the charge was read to the jury. At the end of the guilt-or-innocence phase, the jury found Moreno guilty of continuous sexual abuse. Moreno appeals the district court's judgment of conviction.

**DISCUSSION**

**Jurisdiction**

As an initial matter, we note that in its appellee's brief, the State contends that this Court does not have jurisdiction over Moreno's appeal because the notice of appeal was not timely. Under the Rules of Appellate Procedure, for criminal cases, a notice of appeal must be filed "within 30 days after the day sentence is imposed or suspended in open court" or "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." *See* Tex. R. App. P. 26.2. Although the State recognizes that Moreno filed a motion for new trial, the State urges that the motion for new trial was premature and, therefore, did not extend the time for filing a notice of appeal under the Rules of Appellate Procedure because it was filed before the trial was held and before he was sentenced. Accordingly, the State contends that the notice of appeal was not timely and that this Court does not have jurisdiction over the case. *See Hernandez v. State*, No. 03-11-00673-CR, 2012 WL 254606, at *1 (Tex. App.—Austin Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (explaining that "the timely filing of a notice of appeal . . . is essential to vest this Court with jurisdiction").

The Rules of Appellate Procedure specify that a defendant in a criminal case "may file a motion for new trial before, but not later than 30 days after, the date when the trial court imposes or suspends sentence in open court." Tex. R. App. P. 21.4(a). In other words, the language of the Rules specifies that motions for new trial filed before the conclusion of trial are timely and effective. *See id.* Accordingly, motions for new trial filed before the conclusion of trial would also seem to extend the deadline for filing a notice of appeal to 90 days under Rule 26.2. *See id.* R. 26.2. That conclusion is further supported by the language from Rule 27.2

4

specifying that appellate courts "may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed." *Id.* R. 27.2. Further, the State has not pointed to any case law specifying that a prematurely filed motion for new trial in a criminal case is ineffective for extending the deadline for filing a notice of appeal.

In light of the language of the Rules, we conclude that Moreno's motion for new trial extended the time for filing an appeal to 90 days after his sentence was imposed, that his notice of appeal was timely filed before the 90-day deadline, and that this Court has jurisdiction over the appeal.

**Error in Jury Charge**

On appeal, Moreno contends that the district court erred by providing a jury charge twice instructing the jury that it "could only consider the lesser included offenses" of aggravated sexual assault of a child and then indecency with a child by contact "if it was unanimous as to its verdict of not guilty as to the greater offenses." Moreno argues that these instructions "deprived the jury of full consideration of the" jury charge because the instructions did not inform the jury that it was "wholly in their discretion" to decide "the order in which the component parts of the jury charge are" to be "considered by them." Further, Moreno contends that this error was further compounded by the fact that the district court included no benefit-of-the-doubt instruction or "any other explanation for how the jury should consider the lesser included offenses." More specifically, Moreno argues that the jury charge should have included an instruction specifying that if the jury had no reasonable doubt about whether Moreno committed an offense but was uncertain regarding whether it was the greater offense or one of

5

the lesser offenses, the jury should resolve that doubt in his favor by finding him guilty of a lesser offense. For purposes of resolving this issue, we will assume that there was error in the jury charge. *Cf. Barrios v. State*, 283 S.W.3d 348, 349, 353 (Tex. Crim. App. 2009) (noting that jury charge stated that if jury had reasonable doubt about defendant's guilt of greater offense, it should "acquit the defendant of" greater offense "and next consider whether the defendant is guilty of" lesser offense and commenting that better practice would be "to include an instruction that explicitly informs the jury that it may read the charge as a whole, and to substitute 'or if you are unable to agree, you will next consider' for 'you will acquit . . . and next consider' so that the charge makes clear to the jury that, at its discretion, it may consider the lesser-included offenses before making a final decision as to the greater offense"); *Hutson v. State*, No. 03-99-00523-CR, 2000 WL 298675, at *1 (Tex. App.—Austin Mar. 23, 2000, pet. ref'd) (not designated for publication) (finding "no statutory or constitutional requirement that the jury must *acquit* a defendant of the greater offense before *considering* the lesser offense" and explaining that "the courts may give juries free choice among greater and lesser-included offenses").

If an appellate court determines that there is error present in a jury charge, it must then evaluate the harm caused by the error. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The amount of harm needed for a reversal depends on whether a complaint regarding "that error was preserved in the trial court." *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd). If no objection was made, as in this case, a reversal is warranted only if the error "resulted in 'egregious harm.'" *See Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (on reh'g)). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*,

6

253 S.W.3d 260, 264 (Tex. Crim. App. 2008). "The purpose of the egregious-harm inquiry is to ascertain whether the defendant has incurred actual, not just theoretical, harm," *Swearingen*, 270 S.W.3d at 813, and "reversal for an unobjected-to erroneous jury instruction is proper only if the error caused actual, egregious harm to" the defendant, *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). The determination depends "on the unique circumstances of" each case and "is factual in nature." *Saenz v. State*, 479 S.W.3d 939, 947 (Tex. App.—San Antonio 2015, pet. ref'd); *see Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002) (stating "that egregious harm is a difficult standard" to meet). Neither side has the burden of establishing either the presence or a lack of harm. *See Warner v. State*, 245 S.W.3d 458, 464 (Tex. Crim. App. 2008). Instead, the reviewing court makes "its own assessment" when evaluating what effect an error had on the verdict by looking at the record before it. *Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000) (quoting Wayne R. LaFave & Jerold H. Israel, Criminal Procedure 1165 (2d ed. 1992)). In assessing harm, reviewing courts "consider: (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). The analysis is "fact specific and is done on a 'case-by-case basis.'" *Arrington*, 451 S.W.3d at 840 (quoting *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013)).

*The Entire Jury Charge*

As set out above, the charge instructed the jury to consider the lesser offense of aggravated sexual assault of a child only if the jury unanimously agreed to acquit Moreno of continuous sexual abuse and provided similar instructions regarding the lesser offense of indecency with a child by contact. Additionally, no portion of the charge explicitly authorized

7

the jury to consider the charge as a whole or to consider whether Moreno was guilty of lesser offenses before definitely deciding whether he was guilty of the greater offense. On the contrary, the jury was expressly instructed that it could only consider the lesser offenses if it first unanimously acquitted Moreno of the greater offense. Moreover, no benefit-of-the-doubt instruction was included in the charge. Accordingly, nothing in the charge suggested that the jury could consider all of the charges together if it determined beyond a reasonable doubt that Moreno committed some offense but was unsure which of the three offenses was committed.

On the other hand, "the charge as a whole le[ft] no uncertainty as to how to resolve any doubt" regarding whether Moreno was guilty of any of the offenses. *See Williams v. State*, No. 05-09-01493-CR, 2011 WL 3484799, at \*6 (Tex. App.—Dallas Aug. 10, 2011, no pet.) (mem. op., not designated for publication). More specifically, the charge instructed the jury to find Moreno guilty of the greater offense of continuous sexual abuse only if the jury had no reasonable doubt that he was guilty of the greater offense and to acquit Moreno of that offense if the jury had reasonable doubt regarding his guilt and provided similar instructions for the lesser offenses. Additionally, in the portion of the charge following the instructions on the last lesser offense, the charge emphasized the State's burden to prove each element of an offense beyond a reasonable doubt and stated as follows: "Now bearing in mind the foregoing instructions and definitions, if you find the State has failed to prove each element of the offense beyond a reasonable doubt or you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

In light of the inclusion of the instructions requiring unanimous acquittals before the jury could consider lesser offenses and in light of the omission of any further instruction

8

correcting the unanimity directive, we conclude that, on balance, the first factor weighs in favor of finding egregious harm.

*Parties' Arguments*

When considering the parties' arguments, appellate courts "look to whether any statements made by the State, appellant, or the court during the trial exacerbated or ameliorated error in the charge." *Arrington*, 451 S.W.3d at 844. During the trial, the State and Moreno asserted in their closing arguments that the jury was to first consider the greater offense of continuous sexual abuse, but neither party stated that the jury had to unanimously agree to acquit Moreno of the greater offense before considering a lesser offense. In fact, Moreno told the jury to familiarize themselves with the definitions in the charge so that they had "a clear idea of exactly what it is that you're asked about in each of the counts—each of the alternatives, and to determine how that follows and fits with the evidence that was presented," and he also stated that the jury should consider how the evidence "fits or does not fit in each of the alternatives."

Accordingly, this factor "weighs neither for nor against finding egregious harm." *See id.* (noting that jury was not told "that they must be unanimous . . ., nor were they told that they need not be unanimous").

*State of the Evidence*

When considering this prong in an egregious harm review, appellate courts "look to the state of the evidence to determine whether the evidence made it more or less likely that the jury charge caused appellant actual harm." *Id.* at 840.

As set out above, Moreno was charged with continuous sexual abuse of S.G.M. Consistent with the governing provisions of the Penal Code, the charge provided that a person

9

commits this offense if he performs two or more acts of sexual abuse during a period of time that is thirty days or more in duration. *See* Tex. Penal Code § 21.02(b). Further, the charge listed various actions that constitute sexual abuse, including causing S.G.M.'s sexual organ to contact Moreno's sexual organ; causing the penetration of her sexual organ, mouth, or anus with his sexual organ; causing her mouth to contact his sexual organ; causing her anus to contact his sexual organ; causing the penetration of her sexual organ by his finger; or engaging in sexual contact with her by touching her genitals, by causing her to touch his genitals, or by touching her with his genitals. *See id.* § 21.02(c).

During the trial, S.G.M. testified that Moreno started touching her inappropriately when she was six or seven years old; that he touched her vagina with his hand; that he put his penis in her vagina, mouth, and "booty"; that he put his finger in her vagina; and that he penetrated her on nearly a daily basis from 2011 to 2016. In addition, a recording of Moreno being questioned by the police was admitted as an exhibit during the trial as well a certified transcript of the interview that was translated from Spanish to English. According to the transcript, in his interview, Moreno admitted to having sex with S.G.M. once or twice a week for two or three years starting when she was eleven years old; to penetrating S.G.M.'s mouth, vagina, and anus with his penis; and to placing his tongue on her vagina. In addition, photos from S.G.M.'s and Moreno's phones were admitted into evidence and showed two individuals engaged in multiple sex acts. In his testimony, Moreno admitted that the individuals depicted in those photos were S.G.M. and him. The digital information for those photos revealed that the photos were taken on six separate days during a period lasting more than a month. Finally, Moreno admitted in his testimony that he started having sex with S.G.M. when she was eleven years old and continued to have sex with her until she was thirteen years old, that he had sex with her "many

10

times" over "two and a half years," and that he penetrated S.G.M.'s vagina, mouth, and anus with his penis.

In light of the overwhelming evidence establishing that Moreno was guilty of committing continuous sexual abuse against S.G.M., this factor strongly weighs against a finding of egregious harm. *See Campbell v. State*, 227 S.W.3d 326, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (determining that defendant was not egregiously harmed by alleged jury-charge error, in part, because "overwhelming weight of the evidence supported the jury's verdict").

*Other Information in the Record*

Moreno argues that other portions of the record demonstrate that he was harmed by the jury-charge error. In particular, Moreno points out that starting during voir dire and continuing through the conclusion of trial, the jury was instructed by the district court and by the parties that the charge would contain the law applicable to the case and that the oath taken by the jurors required them to follow the law and to return a verdict that is consistent with the governing law. Moreno contends that the emphasis placed on following the directives in the charge exacerbated the harm caused by the erroneous charge. However, other than when the district court read the charge, the jury was not told that it had to unanimously acquit Moreno of a greater offense before addressing the lesser offenses. Moreover, the comments made by the parties and by the district court regarding the charge and the jurors' oaths were consistent with comments regularly given in criminal trials. Additionally, because the district court read the entire charge to the jury before the jury began deliberating, the jury was aware of the possibility that they might need to consider whether Moreno was guilty of lesser offenses.

11

Accordingly, at most, this factor only weighs slightly in favor of a finding of egregious harm.

In conclusion, although two of the factors arguably might weigh in favor of an egregious-harm finding, the "erroneous jury instructions did not cause" Moreno "egregious harm" because "the evidence in the entire record and the analytical meaning of the jury's verdicts in the aggregate show that the erroneous instructions did not cause actual harm to" him. *See Arrington*, 451 S.W.3d at 845; *see also Cosio v. State*, 353 S.W.3d 766, 777-78 (Tex. Crim. App. 2011) (finding no egregious harm even though jury instructions allowed for non-unanimous verdicts when two other factors did not weigh in favor of egregious harm).

For these reasons, we overrule Moreno's issue on appeal.

## CONCLUSION

Having overruled Moreno's issue on appeal, we affirm the district court's judgment of conviction.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Goodwin and Baker

Affirmed

Filed:   July 2, 2019

Do Not Publish

12