NO. 07-12-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2012
_____

CHARLIE JAMES HUGHES,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 5309; HON. STUART MESSER, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Charlie James Hughes was convicted of felony driving while intoxicated and sentenced to a term in prison. However, that sentence was suspended, and the trial court placed him on community supervision for five years. Thereafter, the State moved to revoke his community supervision, alleging that he violated the conditions of his probation in multiple ways. Appellant pled "guilty" to each violation, which utterance resulted in the court granting the motion, revoking his probation, and sentencing him to

prison.  Now we are told that the "guilty" plea was insufficient evidence to support revocation and that his procedural due process rights were denied him because the court failed to "perform the legislatively mandated hearing on his financial ability to pay for legal representation, supervision fees or court costs."  We affirm.

*Issue One*

Regarding the first matter, appellant suggests that because he uttered "guilty" as opposed to "true" to the allegations in the State's motion to revoke, the State was obligated to tender evidence showing he violated the conditions of his probation.  This is purportedly so because pleading "guilty" somehow rendered applicable article 1.15 of the Code of Criminal Procedure.  We overrule the issue.

Article 1.15 provides that:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14;  provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.  Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).  This provision has been interpreted to require the proffer of evidence, independent of a simple guilty plea, sufficient to establish culpability.  *Stringer v. State*, 241 S.W.3d 52, 58 (Tex. Crim. App. 2007).  However, it has been held to apply "where a felony-defendant waives the right to trial by

jury at the guilt stage" of the prosecution. *Id.* Appellant here was not at the guilt stage of the prosecution when he uttered "guilty." Indeed, his guilt had been adjudicated, and he had been convicted of felony driving while intoxicated long before the State filed its motion to deny him further probation. And, by filing its motion, the State was initiating an administrative proceeding, *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993), not a "trial on the merits." *Jones v. State*, 728 S.W.2d 801, 803 (Tex. Crim. App. 1987). So, we reject the suggestion that article 1.15 required more of the State before probation could be revoked.

It also is important to note that a plea of guilty actually constitutes an admission to the accusation. *Dees v. State*, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984) (stating that a plea of guilty or nolo contendere admits each element of the offense charged in a misdemeanor case); *Martinez v. State*, No. 13-05-095-CR, 2006 Tex. App. LEXIS 105 (Tex. App.–Corpus Christi January 5, 2006, no pet.) (stating the same). Given that such a plea is evidence of culpability outside the realm of the guilt stage of a felony prosecution, we have little reason to vitiate it of evidentiary weight in an administration hearing to determine whether a previously convicted individual should remain on probation. So, appellant's guilty plea was sufficient evidence to support the trial court's decision.

*Issue Two*

As for the second issue, we overrule it as well. This is so because it does not matter whether the trial court failed to investigate appellant's financial ability to perform those conditions of probation which carried with them some monetary obligation. Other of the conditions which appellant admitted to violating had no such ties. For instance,

3

he failed to report as required and complete community service requirements. How his purported lack of funds prevented him from complying with those duties went unexplained. And it is not enough to simply conclude, as appellant did in his brief, that "his ability to report and complete community supervision are all related to Appellant's indigency." Indeed, it is quite conceivable that the impoverished may still gain access to a free means of communication or a free means of travel and thereby satisfy the terms of his probation. Whether appellant even tried that is unknown.

Because the trial court was empowered to revoke probation on any of the grounds supported by the evidence, *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.1980), and the performance of some of those conditions was not necessarily dependent upon appellant's financial means, we cannot say that appellant was harmed by the decision to revoke probation without his financial means being investigated first.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.