# NO. 12-23-00277-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WAYNE MCKENNEY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Michael Wayne McKenney, appeals his conviction for felony driving while intoxicated. In two issues, he challenges the jury charge as improperly commenting on the evidence and improperly instructing the jury as to lesser included offenses. We affirm.

## BACKGROUND

On or about March 10, 2021, in Smith County, Texas, law enforcement stopped a truck driven by Appellant pursuant to a 911 call.[1] Following the administration of field sobriety tests, they determined Appellant was intoxicated and arrested him. Appellant was subsequently indicted for the felony offense of driving while intoxicated (DWI). The indictment further alleged that Appellant was previously finally convicted of four separate felony offenses: (1) a May 17, 1990, conviction for "an offense relating to the operating of a motor vehicle while intoxicated," (2) a November 1, 2016, conviction for "an offense relating to the operating of a motor vehicle while intoxicated," (3) an August 27, 1990, conviction for sexual assault of a child,

---

[1] Because Appellant does not challenge the sufficiency of the evidence supporting his convictions, we provide only a general overview of the facts of the case. We provide additional facts as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1, 47.4.

and (4) a March 24, 2006, conviction for possession of a controlled substance. Appellant pleaded "not guilty" to the charged offense, and "not true" to the enhancement paragraph alleging that he was previously twice convicted of DWI. This matter proceeded to a jury trial.

The charge of the court contained a limiting instruction in paragraph 4 which informed the jury that they could not use any evidence pertaining to Appellant's alleged prior DWI convictions for the purpose of proving that Appellant committed the DWI offense currently charged:

> With respect to the evidence admitted in this case concerning the Defendant's having been two times previously convicted of being intoxicated while operating a motor vehicle in a public place, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the Defendant was intoxicated while operating a motor vehicle in a public place on or about the 10th day of March, 2021.

The charge stated in paragraph 5 that to find Appellant "guilty" of felony DWI, the jury must unanimously find beyond a reasonable doubt both that (1) on or about Macrh 10, 2021, Appellant "operate[d] a motor vehicle in a public place while [Appellant] was intoxicated," and (2) Appellant, previous to the charged offense, "had been twice convicted of the offense of being intoxicated while operating a motor vehicle in a public place," namely the aforementioned convictions from May 17, 1990, and November 1, 2016. Moreover, the charge instructed, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the felony offense alleged in the indictment."

The jury charge also contained instructions as to the lesser included offenses of "misdemeanor 'A' driving while intoxicated" and "misdemeanor 'B' driving while intoxicated," in paragraphs 6 and 7, respectively. To find Appellant "guilty" of misdemeanor A driving while intoxicated, the jury must unanimously find beyond a reasonable doubt both that (1) on or about Macrh 10, 2021, Appellant "operate[d] a motor vehicle in a public place while [Appellant] was intoxicated," and (2) Appellant "had previously been convicted one time of the offense of being intoxicated while operating a motor vehicle in a public place," namely either one of the aforementioned convictions from May 17, 1990, and November 1, 2016. The charge then instructed, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of misdemeanor 'A' driving while intoxicated."

However, if the jury unanimously found beyond a reasonable doubt that on or about Macrh 10, 2021, Appellant "operate[d] a motor vehicle in a public place while [Appellant] was

intoxicated," but "[did] not find, or [had] a reasonable doubt thereof, that [Appellant] has previously been convicted of the offense of driving while intoxicated," the jury was instructed to find Appellant guilty of misdemeanor B driving while intoxicated. And, similarly to the previous instructions, the charge went on to state, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of misdemeanor 'B' driving while intoxicated."

Paragraph 8 of the charge states, "If you have a reasonable doubt as to whether the Defendant is guilty of any offense defined in this charge, then you should acquit the Defendant and say by your verdict 'Not Guilty.'"

Appellant first raised the issue of lesser-included offense instructions to the trial court at the charge conference. The trial court agreed to include the requested instructions, and Appellant did not object to the version of the charge submitted to the jury.

The jury found Appellant "guilty" of felony DWI as charged in the indictment. At the punishment phase of trial, Appellant pleaded "not true" to the enhancement paragraphs alleging previous convictions for the felony offenses of sexual assault of a child and possession of a controlled substance. The jury found both enhancement paragraphs to be "true" and sentenced Appellant to life imprisonment. This appeal followed.

**JURY CHARGE ERROR**

In his first issue, Appellant contends that the language of the jury charge constitutes an improper comment on the evidence pertaining to his alleged previous DWI convictions. In his second issue, Appellant argues that the instructions to the jury regarding the lesser included offenses of misdemeanor DWI failed to "properly guide" the jury.

**Standard of Review and Applicable Law**

"The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). A jury charge must include an accurate statement of the law. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2023). Moreover, the trial court must apply the law to the facts adduced at trial. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004).

3

In reviewing a jury charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch*, 922 S.W.2d at 170. If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453–54 (Tex. Crim. App. 2003). If error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), *overruled on other grounds*, *Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning the appellant did not receive a fair and impartial trial. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). In examining the record to determine whether charge error is egregious, courts have traditionally considered: (1) the entirety of the jury charge itself, (2) the state of the evidence, (3) counsel's arguments, and (4) any other relevant information revealed by the entire trial record. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). Egregious harm is a difficult standard to meet, and such a determination must be made on a case-by-case basis. *Id.* Neither party bears the burden on appeal to show harm or lack thereof under this standard. *Id.* Instead, courts are required to examine the relevant portions of the entire record to determine whether appellant suffered actual harm, as opposed to theoretical harm, as a result of the error. *Id.*

**Improper Comment on Evidence**

A trial court may not submit a charge that comments on the weight of the evidence. TEX. CODE CRIM. PROC. ANN. art. 36.14. A charge comments on the weight of the evidence if it assumes the truth of a controverted issue or directs undue attention to particular evidence. *See Lacaze v. State*, 346 S.W.3d 113, 118 (Tex. App—Houston [14th Dist.] 2011, pet. ref'd). "In determining whether the charge improperly comments on the weight of the evidence, we consider the court's charge as a whole and the evidence presented at trial." *Id.*

Appellant takes issue with the charge language reading, "With respect to the evidence admitted in this case concerning the Defendant's having been two times previously convicted of being intoxicated while operating a motor vehicle in a public place…"

Appellant claims that this phrase "improperly told the jury that evidence was admitted that Appellant had indeed been 'two times previously convicted' of DWI," where Appellant contested the existence of the alleged prior convictions. Appellant asserts that the language at issue "removed that contest by instructing the jury that there was "evidence admitted…[that] the

4

Defendant's having been two times previously convicted…" and constitutes a comment on the weight of the evidence. We disagree.

Far from telling the jury that Appellant "had indeed been convicted by the trial court via the jury instructions," the language to which Appellant objects merely correctly states that there was evidence *admitted* pertaining to the two alleged prior convictions and does not express any opinion as to the credibility or weight of that evidence. *See* **Smith v. State**, No. 12-17-00106-CR, 2018 WL 5276721, at *6 (Tex. App.—Tyler Oct. 24, 2018, pet. ref'd) (mem. op., not designated for publication). Indeed, the charge instructs the jury that it cannot convict Appellant of the charged offense unless it "find[s] *from* the evidence beyond a reasonable doubt" that Appellant was previously twice convicted of DWI. Additionally, the charge properly instructed the jury in paragraph 10, "Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the witnesses." And paragraph 16 instructed, "You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony[.]" The charge also properly instructed the jury on such relevant matters as reasonable doubt, the presumption of innocence, and the prosecution's burden of proof.

Furthermore, the remainder of the paragraph instructs the jury that it may not consider evidence regarding the two alleged prior DWI convictions as a suggestion, or as a basis for finding, that Appellant was driving while intoxicated on *this* occasion. The Court of Criminal Appeals has explained that a trial court may specifically instruct the jury limiting its consideration of a particular item or category of evidence to certain purposes. *See* **Bartlett v. State**, 270 S.W.3d 147, 151 (Tex. Crim. App. 2008) (citing TEX. R. EVID. 105(a)) ("When evidence which is admissible … for one purpose but not admissible … for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury appropriately[.]"); *see also* **Adams v. State**, 862 S.W.2d 139, 148–49 (Tex. App.—San Antonio 1993, pet. ref'd) ("A limiting charge by its very nature must be directed to certain testimony to prevent the jury's misuse of such testimony. An abstract limiting charge would be useless and confusing to the jury."). "An instruction limiting the jury's consideration of an item of evidence to certain purposes is not an impermissible comment on the weight of the evidence because it would be impossible to limit the jury's consideration without pointing out the

evidence subject to the limitation." ***Guerrero-Yanez v. State***, No. 07-14-00143-CR, 2016 WL 2343907, at *4 (Tex. App.—Amarillo Apr. 28, 2016, pet. ref'd) (mem. op., not designated for publication) (citing ***Bartlett***, 270 S.W.3d 147 at 151).

Accordingly, the trial court did not err in charging the jury with the limiting instruction given in this case. We overrule Appellant's first issue.

**Lesser-Included Offense Instruction**

As to Appellant's second issue in which he asserts that the jury charge improperly guided the jury, the trial court instructed the jury (at Appellant's request) on the lesser-included offenses of misdemeanor DWI. Appellant appears to contend that the lack of "acquittal first" or "modified acquittal first" language between the section regarding the charged felony offense and the section regarding misdemeanor A DWI, and between the misdemeanor A section and the misdemeanor B section, renders the instructions inadequate.[2]

Jury instructions that tell the jury when and how to proceed from deliberating about a greater offense to deliberating about a lesser-included offense are sometimes called "transitional instructions." ***Sandoval v. State***, 665 S.W.3d 496, 532 (Tex. Crim. App. 2022). In ***Sandoval***, the defendant was charged with capital murder, and the jury charge included an instruction on the lesser-included offense of murder. After instructing the jury as to the elements of capital murder, the charge stated:

> But if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Capital Murder as alleged in Count I of the indictment, say by your verdict "Not Guilty," and proceed to consider whether the defendant is guilty of the lesser included offense of murder.

***Id.*** "The type of transitional instruction that the trial court gave in this case is often referred to as an "acquittal first" instruction, because it requires the jury to acquit the defendant of the greater offense before deliberating on the lesser-included offense." ***Id.*** The Court of Criminal Appeals previously approved the use of an "acquittal first" instruction. ***Id.*** at 535 (citing ***Boyett v. State***, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985)). A "modified acquittal first" instruction is similar; it allows the jury to "deliberate in the order it sees fit but require[es] that it acquit the defendant of the greater offense before returning a verdict on the lesser offense[.]" ***Id.*** at 537.

---

[2] There is no dispute that misdemeanor DWI is a lesser-included offense of felony DWI, as charged in the indictment. Appellant additionally concedes that he failed to object to the jury charge at trial and must therefore prove both error and egregious harm to warrant reversal.

The jury charge herein instructs, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the felony offense alleged in the indictment." Therefore, we read Appellant's argument as protesting the lack of an explicit statement to the jury that, after acquitting him of the felony DWI, they should then proceed to considering the lesser-included offense of misdemeanor A DWI (and after acquitting him of misdemeanor A DWI, they should then proceed to considering the lesser-included offense of misdemeanor B DWI). While Texas courts have held that jury instructions including this language are permissible, Appellant does not cite, and we do not find, any authority suggesting that the *lack* of this language alone (when an instruction regarding acquittal is present) is inherently erroneous.

Appellant also appears to assert that the *location* of the "benefit of the doubt" instruction in the charge (following the instruction as to misdemeanor B DWI) is erroneous, because "the damage is done and it is lost due to its placement and the confusing nature of the charge as a whole."[3] However, this Court is unaware of—and Appellant does not cite to—any authority establishing that this type of instruction may be inadequate solely by virtue of its placement in the charge. We further disagree as a general matter that the placement of this instruction, following the listing of the elements for all three potential offenses but prior to the circumstances which would require the jury to render a "not guilty" verdict, is inappropriate on its face.

Finally, Appellant contends that "[t]he jury was never told that it may consider a lesser as a part of their deliberations." The meaning of this assertion is somewhat unclear. We note that the trial court read the jury charge to the jury in its entirety in open court, making the jury aware of the lesser offenses included therein. *See, e.g.*, **Williams v. State**, No. 03-18-00267-CR, 2018 WL 3451635, at *8 (Tex. App.—Austin July 18, 2018, pet. ref'd) (mem. op., not designated for publication). Additionally, both counsel for the State and Appellant's counsel referenced the lesser included offenses in their respective closing arguments as options to be considered by the jury based upon what they believed the State proved beyond a reasonable doubt.

The jury was undoubtedly informed that it could choose to find Appellant "guilty" of the charged felony offense, find Appellant "guilty" of one of the two misdemeanor offenses listed in

---

[3] In this portion of the charge, the court instructs the jury that "[i]f you find from the evidence beyond a reasonable doubt that the Defendant is guilty of felony driving while intoxicated or driving while intoxicated misdemeanor A, but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in Defendant's favor and find him guilty of the offense of driving while intoxicated misdemeanor A." Thereafter, the court provides a substantially similar instruction for misdemeanor A DWI and misdemeanor B DWI.

the charge, or return a verdict of "not guilty." That the jury found Appellant "guilty" of the greater offense of felony DWI does not point to unawareness on the jurors' part that the lesser-included offenses were available.

However, even if the trial court erred in omitting language explicitly instructing the jury to proceed to considering the lesser included offenses after acquitting Appellant of the greater felony DWI offense, such error would not require reversal of Appellant's conviction, because the record does not show that the alleged error caused him egregious harm.[4]  *See Reeves*, 420 S.W.3d at 816.

### The Court's Charge

The jury charge's sole purpose "is to instruct the jurors on all of the law that is applicable to the case." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).  Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense. *Id.* at 366–67.  Through the jury charge, the trial court must instruct the jury "under what circumstances they should convict, or under what circumstances they should acquit." *Gray*, 152 S.W.3d at 128–29.  The jury charge in the instant case fulfilled that directive.  For each offense listed therein, the charge correctly recites the elements the jury must unanimously find the State proved beyond a reasonable doubt in order to convict Appellant of each respective offense.  And the charge rightly instructs the jury to acquit Appellant of each respective offense if they have doubt as to any of those elements.  Further, the charge instructs the jury that if they find the elements of two offenses proven beyond a reasonable doubt, they must render a "guilty" verdict for the lesser offense.  Finally, the charge correctly provides that if the jury finds the State proved *none* of the offenses beyond a reasonable doubt, they must render a "not guilty" verdict.  Our reading of the charge as a whole weighs against a conclusion that Appellant was denied a fair and impartial trial.

---

[4] Appellant's argument as to egregious harm merely states, in a conclusory fashion, that the alleged errors "deprived Appellant of meaningful consideration of the lesser included offenses."  The Texas Court of Criminal Appeals has found no error where an appellate court assumed without deciding jury charge error and decided the case solely on harm. *See Vogel v. State*, No. PD-0873-13, 2014 WL 5394605, at *2 (Tex. Crim. App. Sept. 17, 2014) (not designated for publication).  The Court reasoned that, because *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985), *overruled on other grounds*, *Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988) requires both a jury charge error and harm, it makes no difference which prong a court of appeals finds lacking in rejecting a claim of reversible jury-charge error. *Id.*  This approach promotes the virtues of deciding cases on narrower grounds and enhancing judicial efficiency by addressing those elements of a claim that are more quickly and easily resolved. *Id.*

When considering the parties' arguments, appellate courts "look to whether any statements made by the State, appellant, or the court during the trial exacerbated or ameliorated error in the charge." ***Arrington v. State***, 451 S.W.3d 834, 844 (Tex. Crim. App. 2015). As aforementioned, both counsel for the State and Appellant's counsel referenced the lesser included offenses during closing argument. Appellant's counsel stated:

> Basically, you have options. Obviously, our position is our -- what we believe, because of the lack of evidence, because there is reasonable doubt, we believe the verdict ought to be not guilty. You also have the options of, if you believe that Mr. McKenney was driving while intoxicated that night on 2021, but you have a reasonable doubt as to either of these two prior convictions, okay, then you can make a finding that you believe he was only convicted of one prior DWI or no prior DWIs. … Basically, the third option says that you believe only one of these beyond a reasonable doubt -- one of these prior convictions beyond a reasonable doubt, then the fourth option just says that you don't believe beyond a reasonable doubt either of these two prior convictions.

Similarly, counsel for the State explained,

> If you think [Appellant] only has one prior DWI but he's guilty this time, it's a Class A misdemeanor. If you think he's guilty this time but he has no priors, it's a Class B misdemeanor. If you think he's guilty this time and he has two priors -- which we've proven to you that he does – it's a felony.

The statements of counsel correctly set forth the elements of the offenses as they apply to this case and, as discussed *supra*, informed the jury of both the existence of the lesser-included offenses and the impact of the jurors' findings as to the prior DWI convictions. Therefore, the statements of counsel at trial weigh heavily against a conclusion that Appellant was egregiously harmed by any error in the jury charge.

*The State of the Evidence*

The state of the evidence is a strong indicator that the charge's potential harm was theoretical rather than actual. At the guilt-innocence phase of trial, the two main elements of the felony DWI offense Appellant contested were (1) whether he was the person actually operating the vehicle (as he alleged at trial that his then-girlfriend, Carla Prince, was operating the truck), and (2) whether Appellant was previously convicted of two DWI offenses. The evidence that Appellant was intoxicated on the night of March 10, 2021, was uncontroverted.

It is unclear how the presence of Appellant's suggested language (explicitly instructing the jury to proceed to considering the next lesser-included offense after acquitting Appellant of the preceding offense) could have impacted the jury's finding that Appellant was operating a

vehicle on the night of March 10, in light of the jury charge as a whole. As the charge is written, to find Appellant "guilty" of *any* of the offenses therein (felony DWI, misdemeanor A DWI, and misdemeanor B DWI), the jury was required to find beyond a reasonable doubt that Appellant operated a vehicle while intoxicated on March 10. If the jury believed the defense's contention that Appellant was not driving, or otherwise had any reasonable doubt as to whether Appellant was operating a vehicle as alleged in the indictment, the charge directed them to acquit him of each offense listed therein, and we assume that the jury followed that instruction. *See Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006). The only difference between the findings necessary for adjudging Appellant "guilty" of felony DWI versus misdemeanor A or B DWI is in the number of prior DWI convictions the jury believed the State proved beyond a reasonable doubt (two, one, or zero). *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West 2023).

Pertaining to Appellant's prior DWI convictions, the State introduced a judgment on plea of "guilty" from the Smith County Court at Law No. 2 in cause number 86265-A, signed on May 17, 1990. The information in cause number 86265-A alleged that "Michael Wayne McKinney" operated a motor vehicle while intoxicated on or about December 2, 1989. Appellant objected to the admission of this exhibit because the surname of the individual convicted was spelled differently than his own; the trial court overruled this objection.

The State then introduced a judgment of plea of "guilty" from the Smith County Court at Law No. 3 in cause number 003-82179-16, signed on November 1, 2016, wherein Appellant pleaded "guilty" to the misdemeanor offense of "Driving While Intoxicated 2nd." The information and complaint in cause number 003-82179-16 alleged that Appellant operated a motor vehicle while intoxicated on or about June 13, 2016, and further alleged that

> [P]rior to the commission of the aforesaid offense by the said MICHAEL MCKENNEY on the 2nd day of December, 1989 in the County Court at Law 2, Smith County, Texas in Cause number 86265A the said MICHAEL MCKENNEY was convicted of the offense of driving and operating a motor vehicle in a public place while intoxicated, a misdemeanor and said conviction became final prior to the commission of the aforesaid offense.

The record includes a copy of the written plea admonishments and guilty plea in cause number 003-82179-16, signed by Appellant, his counsel, and the prosecutor. The judgment included a form purporting to bear the print of Appellant's right index finger. Detective Travis Breazeale of the Smith County Sheriff's Department, a crime scene investigator trained in advanced

10

fingerprint analysis, testified that he personally obtained Appellant's fingerprints on a ten-print card, and that the print on the form matched the print of Appellant's index finger on that ten-print card. Further, the date of birth on the criminal docket in cause number 86265-A matched the date of birth given by Appellant for the preparation of the ten-print card and the date of birth on the complaint in cause number 003-82179-16.

It is axiomatic that "a plea of guilty actually constitutes an admission to the accusation." *Hughes v. State*, 390 S.W.3d 700, 702 (Tex. App.—Amarillo 2012, no pet.) (citing *Dees v. State*, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984)) (plea of guilty or nolo contendere admits each element of the offense charged in a misdemeanor case). The fingerprint evidence supported a finding that Appellant was convicted of a DWI offense in 2016, and the 2016 offense for "Driving While Intoxicated 2nd" contained as an element Appellant's 1990 final conviction for DWI. *See Ramirez v. State*, 139 S.W.3d 731, 732 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999)) (allegations of prior DWI convictions in an indictment are allegations of elements of the offense). Appellant's "guilty" plea in cause number 003-82179-16 was therefore an admission to his conviction in cause number 86265-A. *See Dees*, 676 S.W.2d at 404.

For the foregoing reasons, the State's evidentiary case against Appellant, particularly pertaining to the contested prior DWI convictions, was strong, and Appellant's sole defense (that the misspelling of his surname on one of the judgments rendered it inadmissible) was comparatively weak. Therefore, we conclude that the state of the evidence in the instant case weighs against a conclusion that Appellant was denied a fair and impartial trial.

### *Other Relevant Information*

In examining the fourth factor, which accounts for any other relevant information contained in the record, we note the absence in the record of any message from the jury during deliberations expressing confusion or requesting clarification as to the lesser-included offenses' role in said deliberations. *See Gelinas v. State*, 398 S.W.3d 703, 709 (Tex. Crim. App. 2013); *Flores v. State*, 513 S.W.3d 146, 161 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). This suggests that the jury was not confused by the charge.

Moreover, there exists a line of Texas jurisprudence holding that "any error in the submission of a lesser-included offense is not reversible when the jury has found the accused guilty of the greater offense." *Campbell v. State*, 227 S.W.3d 326, 330 (Tex. App.—Houston

[1st Dist.] 2007, no pet.) (citing ***O'Pry v. State***, 642 S.W.2d 748, 765 (Tex. Crim. App. 1982)); ***Thomas v. State***, 587 S.W.2d 707, 708–09 (Tex. Crim. App. 1979); ***DeRusse v. State***, 579 S.W.2d 224, 233 (Tex. Crim. App. 1979); *see also* ***Parson v. State***, 193 S.W.3d 116, 127 (Tex. App.—Texarkana 2006, pet. ref'd) ("The jury found in both cases that Parson was guilty of the higher crime under a charge correctly requiring the State to prove guilt beyond a reasonable doubt and thus did not need to go on to the portion of the charge involving the lesser-included offenses."). "The rationale for this line of cases is that, once the jury convicts an accused of the greater offense charged, having been properly charged as to that offense, it has no occasion to consider whether Appellant might be guilty of the lesser-included offense." ***Campbell***, 227 S.W.3d at 330. This rationale is similarly applicable to the instant case—the jury, having found Appellant "guilty" of the greater offense of felony DWI beyond a reasonable doubt, had no occasion to consider the portion of the charge of which Appellant complains. In light of the jury's ultimate decision to convict Appellant of the greater offense, we believe it probable that the jury resolved the issue in accordance with the law. This factor, too, weighs in favor of finding no egregious harm.

## Summation

Having considered the entirety of the jury charge, the arguments of counsel, and the state of the evidence, we conclude that these factors, considered together, do not weigh in favor of a conclusion that Appellant was denied a fair and impartial trial. Accordingly, we hold that Appellant did not suffer actual (rather than theoretical) egregious harm and overrule Appellant's second issue.

### DISPOSITION

Having overruled both of Appellant's issues, we ***affirm*** the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered July 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

12

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2024**

**NO. 12-23-00277-CR**

**MICHAEL WAYNE MCKENNEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1201-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*